## No. 4.

### HUTCHINSON *against* LAMB AND TRACY, TRUSTEES.
#### *Windsor*, 1819.

A person claiming damages, for a conversion of his property, is not a *creditor* within the meaning of the Statute.

THE plaintiff, in this case, declared against the principal debtor, in an action of *trover.*

The trustees moved to dismiss the suit, on the ground that the plaintiff was not a creditor within the meaning of the Statute.

In support of the motion, *Marsh* contended :

That the parties do not stand in the relation of *creditor* and *debtor;* those terms imply an existing *debt*, and not a mere claim for *damages*, either for not fulfilling a special contract, or for a tort or trespass ; the absconding debtor could not plead in off-set, to such a declaration against him, and thus the trustee could not defend for him, and *creditors* would be injured. When the Legislature used the words *creditor* and *debtor*, it must be presumed they knew their meaning, and intended to exclude actions of this kind, which are so uncertain in their nature.

*Contra.* Plaintiff contended :

That the word *creditor* is not confined merely to the payee of a contract, but as used in this Statute, means any person who has, against another, a just and legal claim to recover damages in a civil suit. This is a remedial Statute : the *mischief*, under the old law, was, that where the body was concealed, or

absconded, and the property in the hands of trustees, a person having a just and legal claim for damages, in an action of assumpsit, trover, or trespass, had no means of obtaining satisfaction; the *remedy* is by securing the property, placed in the hands of the trustees, by this action.

Without this construction of the word *creditor*, the remedy is too narrow for the mischief; a man, whose property is forcibly taken away, or tortiously converted, and the wrong-doer absconds, is as much entitled to remedy as if he had sold the property, and the purchaser had absconded, and even more. This construction can work no injury, either to the principal debtor, or to the trustee; *their* rights and safety are preserved.

It was never doubted, but that a man, having a claim against the estate of a person deceased, for forcibly carrying away his property, might enforce that claim before commissioners; yet, the word *creditor* is the only word in that Statute, under which he can name himself, with regard to such claim.

The Court decided: That the plaintiff's case did not come within the meaning and purview of the Statute, "directing the proceedings against the trustees of concealed or absconding debtors."

*Judgment*—That the suit be dismissed with costs.